















CAG   5/13/03   12:01

3:02-CV-01349   MYERS V. USA

*47*

*SCHEDO.*

1

2

3

4

5

6

7

8

FILED

03 MAY 12 PM 3:57

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

cal _____

9

10

11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

| | |
|---|---|
| CHRISTINE MYERS, as guardian ad litem for Lacie Myers, a minor, individually, | Civil No. 02cv1349K (AJB) |
| Plaintiff, | Scheduling Order |
| v. | |
| UNITED STATES OF AMERICA and OHM REMEDIATION SERVICES, INC., | |
| Defendants. | |

18

19

20

Pursuant to Rule 16.1 (d) of the Local Rules, a Case Management Conference was held on May 12, 2003. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

21

IT IS HEREBY ORDERED:

22

23

24

25

26

27

28

1.      Plaintiff shall disclose the identity of their respective experts in writing by *July 14, 2003.* Defendant shall disclose the identity of their respective experts in writing by *August 11, 2003.* The date for the Plaintiff's disclosure of the identity of rebuttal experts shall be on or before *September 8, 2003.* The date for the Defendant's disclosure of the identity of rebuttal experts shall be on or before *October 6, 2003.* The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony. **The parties must**

1

02cv1349

1  identify <u>any</u> **person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702,**

2  **703 and 705, respectively.  This requirement is <u>not</u> limited to retained experts.**

3         2.      On or before *November 14, 2003*, Plaintiff shall comply with the disclosure provisions in

4  Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. On or before *December 18, 2003,* Defendants

5  shall comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.

6  **This disclosure requirement applies to all persons retained or specifically employed to provide**

7  **expert testimony or whose duties as an employee of the part regularly involve the giving of expert**

8  **testimony.**

9         3.      Any party shall supplement its disclosure regarding contradictory or rebuttal evidence

10  under Rule 26(a)(2)(c)on or before *January 16, 2004.*

11         4.      **Please be advised that failure to comply with this section or any other discovery**

12  **order of the court may result in the sanctions provided for in Fed.R.Civ.P.37 including a**

13  **prohibition on the introduction of experts or other designated matters in evidence.**

14         5.      All fact discovery shall be completed by all parties on or before *November 7, 2003*.  All

15  expert discovery shall be completed by all parties on or before *April 2, 2004.* "Completed" means that all

16  discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under ·

17  Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, *so that it may be*

18  *completed* by the cut-off date, taking into account the times for service, notice and response as set forth

19  in the Federal Rules of Civil Procedure. Counsel shall promptly and in good faith meet and confer with

20  regard to all discovery disputes in compliance with Local Rule 26.1(a). All discovery motions shall be

21  filed within 30 days after counsel have met and conferred and reached an impasse with regard to any

22  particular discovery issue, but in no event shall discovery motions be filed more than 30 days after the

23  close of discovery.

24         6.      A Mandatory Settlement Conference shall be conducted on ***October 15, 2003*** at

25  ***10:00 a.m.*** in the chambers of Magistrate Judge Anthony J. Battaglia.   Counsel shall submit settlement

26  briefs **directly** to chambers and serve copies on all counsel.  Plaintiff's brief shall be submitted to

27  chambers and served on all counsel no later than *October 1, 2003.* Defendant's brief shall be submitted

28  to chambers and served on all counsel no later than *October 8, 2003.*  The briefs shall set forth the

02cv1349

party's statement of the case and the party's settlement position, including the last offer or demand made
by that party and a separate statement of the offer or demand the party is prepared to make at the
Settlement Conference. Settlement Conference briefs shall not exceed ten (10) pages in length, and shall
*not* include exhibits or attachments. All parties and claims adjusters for insured defendants and
representatives with complete authority to enter into a binding settlement, as well as the principal
attorney (s) responsible for the litigation, must be present and legally and factually prepared to discuss
and resolve the case at the Mandatory Settlement Conference. **Any special arrangements desired in
cases where settlement authority rests with a governing body shall be proposed in advance.**

7.      All other pretrial motions must be filed so that they may be heard on or before
*July 19, 2004.  (In intellectual property cases, this would include claims construction hearings.* Please
be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the
judge who will hear the motion.  Be further advised that the period of time between the date you request
a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.
For example, you should contact the judge's law clerk in advance of the motion cut-off to calendar the
motion.  Failure to make a timely request a motion date may result in the motion not being heard.

8.      The requirements of Civil Local Rule 16.1 (f)(2) to file Memoranda of Contentions of
Fact and Law are waived.

9.      Counsel shall comply with the Pre-trial disclosure requirements of Federal Rule of Civil
Procedure 26(a)(3) on or before *August 23, 2004.*

10.     Counsel shall meet and take the action required by Local Rule 16.1 (f) (4) on or before
*August 30, 2004.* In order to identify the claims to be tried and eliminate delay and surprise at trial, the
court enters the following pretrial order pursuant to Fed.R.Civ.P. 16.  This order replaces the
requirements under Local Rule 16.1(f)(7).  No Memoranda of Law or Contentions of Fact are to be filed
unless so ordered by this court.

The parties shall meet and confer and prepare a proposed pretrial order containing the following:

a) The basis of this court's jurisdiction and a brief statement of why venue is appropriate.

b) A list of the causes of action to be tried, referenced to the Complaint and
Counterclaim.  For each cause of action, the order shall succinctly list the elements of the claim, the type

3

1  of damages sought (e.g. punitive, compensatory), and the elements of any affirmative defenses.  A cause

2  of action in the Complaint or Counterclaim that is not listed will be dismissed with prejudice; any

3  affirmative defense that is not listed will be stricken.

4          c) A list of each witness that counsel actually expects to call at trial.

5          d) A list of each expert witness that counsel actually expects to call at trial with a brief

6  statement, not exceeding two sentences, of the substance of the expert witnesses' testimony.

7          e) A list of additional witnesses including experts that counsel does not expect to call at

8  this time but reserve the right to call at trial: there must be a brief statement, not exceeding two

9  sentences, of the substance of the additional expert witnesses' testimony.

10          f) A list of all exhibits that counsel actually expect to offer at trial.

11          g) A list of all other exhibits that counsel do not expect to offer at this time but reserve

12  the right to offer if necessary.

13          h) Absent  a showing of good cause, counsel will be limited to offering witnesses and

14  exhibits listed in sections three through seven, except for true impeachment witnesses or exhibits.

15          i) A statement of all facts to which the parties stipulate.  This statement likely will be read

16  to the jury.  The parties are encouraged to meet with one another or the assigned magistrate judge to

17  work out as many stipulations of fact as possible.

18          j) A summary of any issues of law and motions in limine that need resolution by the court

19  before or during trial.

20          k) A list of all deposition transcripts that will be offered at trial.  The proponent of the

21  deposition shall prepare a copy of all portions to be read or played to the jury.  Unless otherwise ordered,

22  no later than three weeks before trial, counsel will notify other parties in the case of pages and lines of

23  the various depositions that will be offered.

24          l) A realistic estimate of the earliest date by which the parties will be ready for trial.

25          m) A realistic estimate of the number of days required to try this case.

26          n) Unless the court orders otherwise,  at least five days before trial the parties shall submit

27  to the court proposed jury instructions (if trial by jury) on the substantive claims, damages and defenses.

28  If the parties disagree on an instruction, each party shall submit his/her proposal.

4

1             i) Unless the court orders otherwise, at least five days before trial the parties shall submit

2    to the court a proposed jury verdict form.

3             j) A statement to be read to the jury, not in excess of one page, briefly summarizing the

4    nature of the case, the named parties and the claims and defenses.

5         The court encourages the parties to consult with the assigned magistrate judge to work out any

6    problems in preparation of the proposed pretrial order.  The court will entertain any questions concerning

7    the conduct of the trial at the pretrial conference.

8         11.     Objections to Pre-trial disclosures shall be filed no later than *September 7, 2004.*

9         12.     The Proposed Final Pretrial Conference Order required by Local Rule 16.1 (f) (6) shall be

10   prepared, served, and lodged on or before *September 7, 2004.*

11        13.     The final Pretrial Conference is scheduled on the calendar of Judge Keep on

12   ***September 13, 2004*** at ***11:00 a.m.***

13        14.     A post trial settlement conference before a magistrate judge may be held within 30 days

14   of verdict in the case.

15        15.     The dates and times set forth herein will not be modified except for good cause shown.

16        16.     Dates and times for hearings on motions should be approved by the Court's clerk before

17   notice of  hearing is served.

18        17.     Briefs or memoranda in support of or in opposition to any pending motion shall not

19   exceed twenty-five (25) pages in length without leave of a district court judge.  No reply memorandum

20   shall exceed ten (10) pages without leave of a district court judge.  Briefs and memoranda exceeding ten

21   (10) pages in length shall have a table of contents and a table of authorities cited.

22

23   Dated: ___5/12/03___

24

25                               ANTHONY J. BATTAGLIA
                            United States Magistrate Judge

26

27   cc:  Judge Keep
       All Counsel of Record

28

# Chambers of
# Anthony J. Battaglia
# United States Magistrate Judge

## SETTLEMENT CONFERENCE PROCEDURES

### Attendance

All parties or their representatives who have ultimate authority to negotiate, consider and enter into a binding settlement, as well as the attorneys participating in the litigation, must appear in person at the settlement conference, unless they have been excused by Magistrate Judge Battaglia. Failure to appear in person will result in the imposition of sanctions.

### Settlement Conference Briefs

Settlement Conference Briefs must be submitted to the chambers of Magistrate Judge Battaglia as described in the Scheduling Order. Each party should submit one original brief. NO settlement conference brief may exceed ten (10) pages in length double spaced, and shall not include exhibits or attachments. The briefs *are to be served on opposing parties or counsel, but should not be filed with the Clerk of the Court*. The briefs should be submitted to the chambers of Magistrate Judge Battaglia either by mail or in person. Plaintiff's brief should be submitted no later than *two weeks prior* to the scheduled conference, unless otherwise ordered by the Court. Defendant's brief should be submitted no later than *one week prior* to the scheduled conference, unless otherwise ordered by the Court.

To submit the brief by mail, send it to:

> Honorable Anthony J. Battaglia
> United States Magistrate Judge
> US Courts Building
> 940 Front Street, Room 1145
> San Diego, CA 92101-8927

The purpose of the Settlement Conference Briefs is to apprise the Court and counsel of a parties position on the legal issues involved in the litigation and the current settlement offer or demand the party is prepared to present and the basis therefore. The briefing schedule is designed to allow defendants to respond directly to Plaintiff's demand. The briefs need not be in any particular form, but should include an itemization or analysis of the damages in issue, a statement of the last offer or demand made, and a statement of the offer or demand each party will be prepared to make at the conference. The submission of briefs are considered essential to the settlement process.

If you have any further questions, please feel free to contact Judge Battaglia's staff at (619)557-3446.

02cv1349