Case 3:02-cv-01349-BEN-MDD   Document 242   Filed 02/04/05   PageID.6868   Page 1 of 5

USDC SCAN INDEX SHEET










LMH    2/8/05    6:46
3:02-CV-01349   MYERS V. USA
*242*
*O.*

cal



FILED

FEB - 4 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

RECEIVED IN
DOCKETING

FEB 08

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MYERS, as guardian ad litem for Lacie Myers, a minor, individually,<br><br>                   Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA and OHM REMEDIATION SERVICES, INC.,<br><br>                   Defendants. | Civil No. 02cv1349-BEN(AJB)<br><br>Order Granting Brief Continuance of Motion Hearing Cut-Off; Otherwise Denying United States' Ex Parte Application to Extend Dispositive Motion Cut-Off |

Defendant the United States moves the Court for an extension of the March 4, 2005 motion hearing cut-off date in this case. The government seeks leave to file its motion for summary judgment regarding causation within a reasonable time after Judge Benitez has ruled on its *Daubert* motions currently set for hearing on February 25, 2005. Although Plaintiff has not been asked to file a formal opposition to this application, Plaintiff's counsel indicated during a conference call with Magistrate Judge Battaglia's law clerk on February 3, 2005 that he would oppose any attempt to further delay matters in this case. Upon review, this Court concludes that the United States has failed to make even a threshold showing of good cause justifying such an extension. In the interests of justice, Defendants will be granted a one week extension of the motion hearing cut-off, to March 11, 2005. The government's request is otherwise DENIED.



02cv1349

Pursuant to Fed. R. Civ. P. 16(b), a pretrial scheduling order may only be modified "upon a showing of good cause." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). Good cause, in this context, means that the pretrial schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic*, 302 F.3d at 1087. Absent a showing of diligence, the motion to modify should be denied. *Id.*

The United States argues that good cause exists to extend the motion hearing cut-off date in this case because of its desire to address the causation issue in a summary judgment after it has obtained Judge Benitez's ruling on its *Daubert* motions. The government argues that the question of whether Plaintiff can satisfy her burden of proving causation in this case will turn heavily on what expert testimony she is permitted to present. The government argues that because expert discovery is ongoing and the *Daubert* motions have only recently been filed, it would be premature to address summary judgment without knowing which of Plaintiff's experts, or what portion of their opinions, will be admitted by the trial court. These arguments are unpersuasive.

The current motion hearing cut-off date was set by the Court in its Second Amended Scheduling Order filed nearly a year ago on February 27, 2004.[1] Defendants have known since that time that their summary judgment motions would be due to be filed, at the very latest assuming personal service upon counsel for Plaintiff, by February 4, 2005. The government asserts that upon finalizing its motions challenging Plaintiff's experts, which were filed with the Court on January 28, 2005, it realized that it would be premature to draft summary judgment motions until such time as it knew which of Plaintiff's experts would be deemed qualified to testify and what issues if any remaining experts would be allowed to address. Given the long period of time that Defendants have had to contemplate the method by which they would approach the resolution of these issues, the Court concludes that the government cannot demonstrate that it has proceeded diligently to seek an extension of the motion hearing cut-off. Quite frankly, it is difficult to believe that the Defendants, only last week, determined that it would be preferable to have the *Daubert* issues heard and decided prior to filing their summary judgment motion

---

[1] The two prior scheduling orders, filed on May 12, 2003 and September 26, 2003, were vacated for various reasons having to do with ongoing discovery disputes.

on causation. To the extent they wished to proceed in this manner, Defendants should have filed their *Daubert* motions early enough to have them resolved so that they could still timely brief the causation issue on summary judgment prior to the long-ago set motion hearing cut-off date.[2]

Further, insofar as Defendants argue that the extension is necessary because expert discovery has not yet been completed, there has been no request to extend that date. The February 27, 2004 Second Amended Scheduling Order provided for discovery to be completed by December 1, 2004. In its order granting Defendants' motion to compel further discovery from Plaintiff's experts, the Court set a short timetable for the taking of particularized follow-up discovery and ordered that all additional expert discovery made necessary as a result of the Plaintiff's failure to provide its experts with copies of the disputed memo be completed "in the most convenient, economical, and expedient manner possible." The Court specifically stated that "*[t]he pendency of discovery arising out of this Order shall not be cause for continuance of any of the other dates set forth in the Scheduling Order, including motions for summary judgment and the Pretrial Conference*. [Doc. No. 224, p. 9 (emphasis in original).] Thus, all parties were on notice that the expert discovery necessary to address the summary judgment motions must be completed so as to allow for the timely filing of motions.

Finally, the Court is not convinced that Defendants will be at all prejudiced in having to brief the causation issues prior to resolution of the pending *Daubert* motions. Although Defendants would prefer to proceed in a staged manner to have these issues resolved, they have not shown why they cannot brief and have these issues addressed in a simultaneous manner. In fact, given the interrelationship of the issues, it would seem preferable to proceed with the summary judgment motion at this time.

This case has been pending for more than two and a half years. Although the case is factually and legally complex, the Defendants have not shown why, in the exercise of diligence, their motions could not have been filed so that they could be heard prior to the motion hearing cut-off date. Therefore, although the Court will grant the Defendants a one week extension of time on the motion hearing cut-off, until March 11, 2005, Defendants' motion shall otherwise be DENIED. With the permission of Judge Benitez's law clerk, the hearing on Defendants' motion for summary judgment on causation is

---

[2] The government acknowledges that the *Daubert* motions have been filed even though expert discovery has not yet been completed, eliminating any argument that they could not have been filed earlier.

1 | continued from March 4 to March 11, 2005 date, and counsel shall file their papers pursuant to Local
2 | Civil Rule 7.1.
3 |     IT IS SO ORDERED.
5 | Dated: 2/4/05

ANTHONY J. BATTAGLIA
United States Magistrate Judge

cc: Judge Benitez
    All Counsel of Record