1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 **SOUTHERN DISTRICT OF CALIFORNIA**

9

10 CHRISTINE MYERS, Acting as
guardian ad litem for L. Myers, a

11 minor,

12                               Plaintiff,

13    vs.

UNITED STATES OF AMERICA,

14

                              Defendant.

15

CASE NO. 02cv1349-BEN

**ORDER GRANTING
PLAINTIFF'S MOTION TO
RE-TAX COSTS** (Dkt. No. 588)

16    Plaintiff moves the Court pursuant to Fed.R.Civ.P. 54(d) to re-tax costs

17 imposed against the Plaintiff in the amount of $13,271.06.  Plaintiff's motion is

18 granted.  No costs are imposed.

19                          **DISCUSSION**

20    Rule 54(d)(1) of the Federal Rules of Civil Procedure creates a presumption

21 in favor of awarding costs to a prevailing party.  Nevertheless, the Court has

22 discretion to deny costs. Fed.R.Civ.P. 54(d)(1) ("[C]osts other than attorneys' fees

23 shall be allowed as of course to the prevailing party unless the court otherwise

24 directs.").  The Court may deny costs where the circumstances are such that an

25 award "would be inappropriate or inequitable." *Champion Produce, Inc. v. Ruby*

26 *Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  Circumstances justifying

27 the denial of costs include the following: (1) a losing party's limited financial

28 resources; (2) misconduct by the prevailing party; and (3) 'the chilling effect of

1   imposing high costs on future civil rights litigants.'" *Id.* (quoting *Association of*

2   *Mexican-American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000) (en

3   banc)).  Other factors for denying costs include that the issues were close and

4   difficult, and that "the case presented a landmark issue of national importance." *Id.*

5          The Court finds it would not be equitable to award the Government costs

6   against the Plaintiff.  In other circumstances, the costs incurred by the Government

7   would be reasonably awarded.  But, the issues in this case were close and difficult.

8   The Plaintiff is part of a military family with limited financial resources that is

9   already sacrificing in manifold ways for the benefit of the Government.  Moreover,

10  an award of costs in favor of the Government and against Plaintiff could have a

11  chilling effect upon future military families living on military bases considering

12  suits where the Government undertakes potentially hazardous remediation projects.

13  Finally, the presented legal issue of when the discretionary function exception

14  applies is an issue of national importance.  The Court finds these factors justify the

15  Court's exercise of its discretion to deny costs to the Government in this case.

16                                          **CONCLUSION**

17         For the reasons set forth herein, the Court finds this is an unusual case where

18  an award of costs in favor of a prevailing party defendant would be inequitable.

19  Therefore, the Court GRANTS Plaintiff's motion to re-tax costs, and vacates the

20  Clerk's order taxing costs in favor of Defendant.  No costs are awarded to the

21  Government defendant.

22  IT IS SO ORDERED.

23  DATED:  March 22, 2017

24  _____

25  Hon. Roger T. Benitez
    United States District Judge

26

27

28