UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE MYERS, Acting as guardian ad litem for L. Myers, a minor,<br><br>                              Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | CASE NO. 02cv1349-BEN<br><br>ORDER GRANTING IN PART UNITED STATES' MOTION TO ENFORCE ORDER<br>(Dkt. No. 576) |

Defendant moves the Court to enforce its Discovery Order dated September 19, 2012, shifting costs and attorney's fees to Plaintiff's counsel. Defendant seeks payment of $359,946.63. The motion is granted in part.

**DISCUSSION**

Long after the close of discovery, Plaintiff sought leave to add a soil fate and transport expert witness named Chorover. The request was based on a change in trial strategy and Defendant objected. Although adding Chorover as an expert witness was clearly late, notwithstanding FRCP Rule 37(c)(1)'s self-executing sanction of evidence preclusion, Plaintiff was permitted to use Chorover at trial. Rather than precluding Plaintiff from calling Chorover at trial, the Court entered its discovery order dated September 19, 2012, directing that, "Plaintiff's counsel shall bear the costs, including reasonable attorneys' fees for the deposition of Dr. Chorover as well as any supplemental reports and deposition expenses incurred by Defendant that are reasonably necessary to rebut Dr. Chorover's report and

testimony."

Two weeks prior to the discovery order, on September 5, 2012, the trial date was continued to February 20, 2013.  As the date for trial was delayed but still near, the order was intended to ameliorate any unfair surprise and additional expenses incurred by Defendant to prepare quickly because of Plaintiff's counsel's tactical decision.  This expense shifting, of course, is the lesser sanction contemplated by Rule 37(c)(1): ". . . instead of this sanction [of evidence preclusion] the court may on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure."[1]

The continuation of the trial date should have ameliorated some of the expense Defendant incurred to meet the Chorover testimony.  However, Plaintiff disclosed a surprise sur-rebuttal expert report or supplemental report of Dr. Chorover the month before trial (on January 9, 2013).   The Defendant immediately moved to strike and exclude matters in Chorover's new report.  That motion was denied and Plaintiff was permitted to proceed.  This turn of events, however, forced Defendant to spend additional time on an urgent basis preparing its own soil fate and transport expert as the time for trial quickly approached.

---

[1] *See Suzuki v. Helicopter Consultants of Maui, Inc.*, 2016 U.S. Dist LEXIS 89065*17-20 (D. Haw. July 8, 2016), which observed,

> Rule 26(a)(2)(D) requires a party to make the above disclosures at the times and in the sequence that the court orders. Moreover, such disclosure deadlines are to be taken seriously. Timely and careful compliance with the requirements of Rule 26(a) is essential, both as a matter of fairness to litigants and as a matter of orderly procedure particularly during events which occur in the final phases of discovery, motion work and trial preparation. The purpose of the rule is to eliminate unfair surprise to the opposing party. Accordingly, Federal Rule of Civil Procedure 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed. The Rule, amended in 1993, significantly broadened the duty to supplement Rule 26 disclosures by making mandatory preclusion the required sanction in the ordinary case.  The Advisory Committee Notes to Rule 37(c)(1) describe the sanctions as self-executing and automatic. Rule 37(c)(1) does not require a finding of bad faith or callous disregard of the discovery rules as a precondition before imposing sanctions. The range of sanctions provided in Rule 37(c), from the most harsh (total exclusion and dismissal of the case) to more moderate (limited exclusion and attorney's fees), gives the district court leeway to best match the degree of non-compliance with the purpose of Rule 26's mandatory disclosure requirements. (Citations and internal quotation marks omitted).

|   |   |
|---|---|
| 1 | **DEFENDANT'S MOTION** |

2   Defendant incurred costs of $293,442.01 for its own expert witness, Dr.
3 Shields. This was for all work done in response to Dr. Chorover's opinions.
4 Among other reasons, Plaintiff objects that the monthly statements provided by the
5 Defendant lack detail and include fees for the work of others assisting Dr. Shields,
6 however the statements are sufficiently detailed. Most of the costs are for ordinary
7 work done in ordinary preparation for offering expert testimony. Had Plaintiff
8 disclosed Chorover as an expert before the Rule 26 deadline had passed, Defendant
9 would ordinarily have had to incur on its own these types of costs in the preparation
10 of its defense.

11   The language of the Discovery Order is broad and covers all of these
12 expenses incurred for which Defendant seeks to be reimbursed. Nevertheless, the
13 Court now exercises its discretion to limit the reach of its order. It would be unfair
14 to shift all of these expenses to Plaintiff's counsel. After careful consideration, the
15 Court hereby limits its order to the those expert expenses incurred in responding to
16 the surprise sur-rebuttal report by Chorover disclosed the month before trial. And it
17 contemplates only those expenses of Defendant's expert Dr. Shields, as opposed to
18 others who may have assisted him in some way. With this aim in view, the detailed
19 statements of Dr. Shields have been examined with respect to the time period
20 between the date of Chorover's January 9, 2013 report and the start of trial on
21 February 20, 2013. *See United States' Reply in Support to Enforce Court's Award*
22 *of Costs and Fees* (filed Jan. 5, 2015), Exh. "E." These statements indicate Dr.
23 Shields invoiced Defendant **$18,330** specifically for Chorover rebuttal work and
24 trial preparation. *Id.* at "E" pages 41, 46 (1/21 - 1/25, 1/28 - 1/30, 2/4 - 2/6, 2/8,
25 2/11 - 2/12, and 2/15). As it cannot be determined from the exhibits what other fees
26 or expenses were incurred in response to the surprise sur-rebuttal report, although
27 there no doubt were fees and costs, those costs are not awardable.
28

**CONCLUSION**

Therefore, Defendant's Motion to Enforce is granted in part. Counsel for Plaintiff, jointly and severally, are to pay to the Defendant the amount of **$18,330.00** pursuant to FRCP Rules 26 and 37, and to do so within 45 days of this Order.

IT IS SO ORDERED.

DATED: March 28, 2017

_____
Hon. Roger T. Benitez
United States District Judge